Francine COLLING, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 06–2513–cv.

United States Court of Appeals,
Second Circuit.

Nov. 19, 2007.

Kenneth R. Hiller, Amherst, NY, for Plaintiff–Appellant.

David L. Brown, Assistant Regional Counsel (Barbara L. Spivak, Chief Counsel Region II, and Thomas W. Crawley, Acting General Counsel, on the brief), Office of the General Counsel, Social Security Administration, New York, NY, for Defendant–Appellee.

Present: Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.*

---

## SUMMARY ORDER

Plaintiff-appellant Francine Colling appeals from a final judgment of the United States District Court for the Western District of New York (Skretny, *J.*), granting the defendant's motion for judgment on the pleadings upholding the Commissioner's denial of disability benefits under the Social Security Act. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

In disability cases, "we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Although we will not accept "an unreasoned rejection of all the medical evidence in a claimant's favor," the Commissioner need not "reconcile explicitly every conflicting shred of medical testimony." *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983). When there is a conflict in the medical evidence, we leave it for the finder of fact to resolve, and where "the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Upon reviewing the record, we are satisfied that the Commissioner's decision was

---

* The Honorable Thomas J. Meskill, who was a member of this panel, died prior to oral argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Interim R. 0.14(b).

supported by substantial evidence. The Administrative Law Judge ("ALJ") in this case developed a substantial record. Although the ALJ found that Colling was no longer capable of performing her past work as a nurse's aid, he also found that she could do other jobs in the economy. This decision was supported by substantial evidence in the record, including both medical evidence and the testimony of a vocational expert. Plaintiff argues that the ALJ should have given controlling weight to the views of Dr. Simmons, her treating physician from 2000 to 2003. Ordinarily the treating physician rule does require "deference to the medical opinion of a claimant's treating physician," but we will not give controlling weight to the views of the treating physician where, as here, these views are "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004) (per curiam). Several doctors who examined the plaintiff concluded that she was capable of sedentary work, and Dr. Hepner, who examined her in 2003, specifically disagreed with the views of Dr. Simmons. It is clear from the ALJ's opinion that she evaluated all of the evidence in the record in making her decision. Given this conflicting evidence, the ALJ did not err by not giving Simmons's opinion controlling weight.

Colling also argues that although she is no longer disabled we should consider whether she was entitled to benefits for a discrete period between 2000 and 2003 during which she claims the evidence of her disability was uncontroverted. She did not make this argument before the ALJ or the District Court, instead raising the issue for the first time on this appeal. We are reluctant to consider a new issue in cases, such as this one, where the litigant has had ample opportunity to raise the issue below, and deciding the issue would require making new factual determinations. *See Paese v. Hartford Life & Accident Ins. Co.,* 449 F.3d 435, 446–47 (2d Cir.2006). Because the claim for a closed period of disability would require a new factual inquiry into whether Colling's condition worsened in 2000 and then improved in 2003, we deem this argument waived. *See Burnette v. Carothers,* 192 F.3d 52, 58 (2d Cir.1999) (finding appellants waived an argument when they "failed to raise this issue in the district court" and "no miscarriage of justice will result").

We have considered Colling's arguments, and we find, substantially for the reasons set forth in the opinion of Judge Skretny, that they are without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**